UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN E. RICHFIELD and CAROLYN TRUMBULL,<br><br>                Plaintiffs,<br><br>    v.<br><br>FISH FOOD BANKS OF PIERCE COUNTY,<br><br>                Defendant. | CASE NO. C14-5516 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant FISH Food Banks of Pierce County's ("Food Bank") motion to dismiss (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 27, 2014, Plaintiffs Steven Richfield and Carolyn Trumbull ("Plaintiffs") filed a complaint against the Food Bank alleging numerous causes of action. Dkt. 1. Plaintiffs later clarified their claims as (1) a violation of the Americans With Disabilities

ORDER - 1

1  Act ("ADA"), (2) slander, and (3) a violation of the Racketeer Influenced and Corrupt
2  Organizations Act ("RICO").  Dkt. 8 at 2–3.
3      On July 31, 2014, the Food Bank filed a motion to dismiss.  Dkt. 7.  On August
4  19, 2014, Plaintiffs responded.  Dkt. 8.  On August 28, 2014, the Food Bank replied.
5  Dkt. 10.

## II. FACTUAL BACKGROUND

7      Plaintiffs' suit arises out of the Food Bank banning Plaintiffs from the premises.
8  Plaintiffs allege that they have been shopping at the Food Bank for approximately three
9  years.  Dkt. 1 at 10.  On a visit in February 2014, Plaintiffs allege that the Food Bank
10 coordinator Kate Wright cornered Ms. Trumbull and inquired about supposed threats
11 made by Food Bank volunteer Angela toward Ms. Trumbull on a prior visit.  *Id*.  Ms.
12 Trumbull informed Mr. Richfield of the inquiry, and Mr. Richfield proceeded to Ms.
13 Wright's office speaking "harshly to [Ms.] Wright . . . ."  *Id*.  Plaintiffs did not go to the
14 Food Bank for several weeks after this incident.  *Id*. at 11.
15     When they did return, they allege that Ms. Wright permanently banned them from
16 the Food Bank.  *Id*.  They allege that Ms. Wright said that she felt threatened by Plaintiffs
17 in front of a crowd of Food Bank customers.  *Id*.

## III. DISCUSSION

19     Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil
20 Procedure may be based on either the lack of a cognizable legal theory or the absence of
21 sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d
22 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is

construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**A.   ADA**

Subchapter III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

In this case, Plaintiffs fail to state an ADA claim because they fail to allege that they were discriminated against based on a disability.  In fact, their own allegations establish that they were banned due to threatening behavior.  While Plaintiffs argue that they were not threatening, this issue is irrelevant for purposes of the ADA.  Therefore, the Court grants the Food Bank's motion on Plaintiffs' ADA claim.

**B.   Slander**

In a slander case, the plaintiff must establish four elements: falsity, an unprivileged communication to a third party, fault, and damages. *Mohr v. Grant*, 153 Wn.2d 812, 822 (2005).

1  In this case, Plaintiffs have failed to state a plausible claim for slander. A Food
2  Bank employee stating to Plaintiffs that she felt threatened by Plaintiffs is not a false
3  unprivileged communication to a third party. Therefore, the Court grants the Food
4  Bank's motion on Plaintiffs' slander claim.

5  **C.   RICO**

6  To state a claim under RICO, a plaintiff must allege (1) conduct (2) of an
7  enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C § 1961, *et seq.*;
8  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Sanford v. MemberWorks, Inc.*,
9  625 F.3d 550, 557-58 (9th Cir. 2010) (dismissal of pro se plaintiffs' RICO claim for lack
10 of pleading predicate RICO violations).

11 In this case, Plaintiffs fail to allege facts sufficient to state a plausible claim. For
12 example, they fail to allege a pattern of predicate acts, let alone racketeering acts.
13 Therefore, the Court grants the Food Bank's motion on Plaintiffs' RICO claim.

## IV. ORDER

15 Therefore, it is hereby **ORDERED** that the Food Bank's motion to dismiss (Dkt.
16 7) is **GRANTED** and Plaintiffs' complaint is dismissed. The Clerk shall close this case.

17 Dated this 3rd day of September, 2014.

BENJAMIN H. SETTLE
United States District Judge