UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN E. RICHFIELD and CAROLYN TRUMBULL,<br><br>             Plaintiffs,<br><br>     v.<br><br>FISH FOOD BANKS OF PIERCE COUNTY,<br><br>             Defendant. | CASE NO. C14-5516 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS |

      This matter comes before the Court on Plaintiffs Steven Richfield and Carolyn Trumbull's ("Plaintiffs") motion for immediate pretrial settlement conference (Dkt. 22), Defendant FISH Food Banks of Pierce County's ("Food Bank") motion to dismiss (Dkt. 31), and Plaintiffs' motion to convert motion (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Plaintiffs' motions and grants Defendant's motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On June 27, 2014, Plaintiffs filed a complaint against the Food Bank alleging numerous causes of action. Dkt. 1. Plaintiffs later clarified their claims as (1) a violation of the Americans With Disabilities Act ("ADA"), (2) slander, and (3) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Dkt. 8 at 2–3.

On July 31, 2014, the Food Bank filed a motion to dismiss. Dkt. 7. On September 3, 2013, the Court granted the motion. Dkt. 11. On September 5, 2014, the Clerk entered judgment against Plaintiffs. Dkt. 12.

On September 24, 2014, Plaintiffs filed a motion to vacate the judgment arguing that they were not given an opportunity to amend their complaint to correct the deficiencies the Court found in the previous complaint. Dkt. 14. On October 21, 2014, the Court granted the motion and allowed Plaintiffs an opportunity to file an amended complaint. Dkt. 20.

On November 6, 2014, Plaintiffs filed a motion for immediate pretrial settlement conference (Dkt. 22) and a third revised complaint (Dkt. 23). On November 7, 2014, the Food Bank responded to Plaintiffs' motion. Dkt. 25. On November 12, 2014, Plaintiffs replied. Dkt. 26.

On November 18, 2014, the Food Bank filed a motion to dismiss. Dkt. 31. On November 28, 2014, Plaintiffs responded (Dkt. 32) and filed a motion to convert the motion to dismiss into a motion for summary judgment (Dkt. 33). On December 12, 2014, the Food Bank replied (Dkt. 36) and filed a response to Plaintiffs' motion (Dkt. 37).

## II. FACTUAL BACKGROUND

Plaintiffs' suit arises out of the Food Bank banning Plaintiffs from the premises. Plaintiffs allege that they have been shopping at the Food Bank for approximately three years. Dkt. 1 at 10. On a visit in February 2014, Plaintiffs allege that the Food Bank coordinator Kate Wright asked Ms. Trumbull about alleged threats made by Food Bank volunteer Angela toward Ms. Trumbull on a prior visit. *Id*. Ms. Trumbull informed Mr. Richfield of the inquiry, and Mr. Richfield proceeded to Ms. Wright's office, speaking "harshly to [Ms.] Wright . . . ." *Id*. Plaintiffs did not go to the Food Bank for several weeks after this incident. *Id*. at 11.

When they did return, they allege that Ms. Wright permanently banned them from the Food Bank. *Id*. They allege that Ms. Wright said that she felt threatened by Plaintiffs in front of a crowd of Food Bank customers. *Id*.

## III. DISCUSSION

**A.    Settlement Conference**

In their motion, Plaintiffs request an early settlement conference to possibly end this case and conserve resources. Dkt. 22. The Food Bank opposes the motion. Dkt. 25. The Court finds that there is not good cause at this point to order the Food Bank to attend a settlement conference. The parties, however, are free to exchange settlement offers and/or agree to private mediation to settle this dispute. Therefore, the Court denies the motion.

## B. Motion to Convert

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

In this case, Plaintiffs argue that the Court should convert the Food Bank's motion from a motion to dismiss to a motion for summary judgment because facts are disputed. To the extent that matters outside the pleadings have been presented, the Court excludes such matters. The Court finds that the Food Bank's motion may be considered based solely on the pleadings. Therefore, the Court denies Plaintiffs' motion to convert.

## C. Motion to Dismiss

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In Plaintiffs' amended complaint, they assert four causes of action: (1) a violation of the ADA, (2) slander, (3) retaliation in violation of the First Amendment, and (4) a violation of the RICO. Dkt. 23 at 7–11. The Food Bank moves to dismiss all four claims. Dkt. 31.

**1.  ADA**

Subchapter III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim under the ADA, Plaintiffs must first establish that the Food Bank failed to make reasonable accommodations. *See Bowers v. National Collegiate Athletic Ass'n*, 974 F. Supp. 459, 465 (D.N.J. 1997).

In this case, Plaintiffs fail to state a claim under the ADA. Plaintiffs do not allege that the Food Bank's accommodations were not reasonable; they allege that the Food Bank must overhaul its entire business model to "alter obsolete methods" and implement Plaintiffs' "obvious improvements . . . ." Dkt. 23 at 7. Such allegations do not state a valid claim under the ADA. Moreover, as in the first complaint, Plaintiffs fail to allege that they were refused service due to a disability. While Ms. Trumbull has submitted evidence of a disability, Plaintiffs fail to direct the Court's attention to any allegation that the Food Bank refused to offer her services *because of* her disability. Therefore, the Court grants the Food Bank's motion on Plaintiffs' ADA claim.

### 2.     Slander

In a slander case, a plaintiff must establish four elements: falsity, an unprivileged communication to a third party, fault, and damages.  *Mohr v. Grant*, 153 Wn.2d 812, 822 (2005).

In this case, Plaintiffs have failed to state a plausible claim for slander.  A Food Bank employee stating to Plaintiffs that she felt threatened by Plaintiffs (Dkt. 23 at 8–9; Dkt. 32 at 8) is not a false, unprivileged communication to a third party.  Therefore, the Court grants the Food Bank's motion on Plaintiffs' slander claim.

### 3.     First Amendment

In this case, Plaintiffs bring a claim under 42 U.S.C. § 1983 for violation of their First Amendment right to free speech.  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  A private party only acts under color of law when the constitutional deprivation results from a governmental policy, and the party charged with the deprivation may fairly be characterized as a governmental actor.  *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir.1999).  A private party's conduct constitutes governmental action only in "rare" circumstances.  *Id*.

In their complaint, Plaintiffs fail to state a cognizable civil rights claim.  It is undisputed that the Food Bank is a private, non-profit entity.  Plaintiffs argue that the

Food Bank is acting under color of law because it is distributing food received from the government. But, even if the food is received from the government, Plaintiffs fail to allege that the deprivation resulted from a governmental policy or that the Food Bank may be characterized as a governmental actor. Therefore, the Court grants the Food Bank's motion on this claim.

**4.  RICO**

To state a claim under RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C § 1961, *et seq.*; *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010) (dismissal of pro se plaintiffs' RICO claim for lack of pleading predicate RICO violations). A RICO "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 493 (1985).

In this case, Plaintiffs do not have standing to bring a RICO claim and, regardless, fail to state a viable claim. Plaintiffs' alleged injury is a "shared property" interest in the food that the Food Bank distributes. This allegation is not plausible and does not establish a cognizable injury. Moreover, Plaintiffs again fail to allege an enterprise of coordinated activity because they allege that the Food Bank is acting as a lone entity. Dkt. 23 at 11–12. Therefore, the Court grants the Food Bank's motion on this claim.

### D. Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The Ninth Circuit, however, has held that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir.1987) (citing, inter alia, *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.1980) and *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1438 (9th Cir.1986)); *see also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.) (same), *1067 amended on other grounds, 234 F.3d 428 (9th Cir.2000); *see, e.g., McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir.1988) (district court did not abuse its discretion by refusing to allow a second amended complaint where the first amendment had failed to cure deficiencies).

In this case, the Court denies Plaintiffs leave to file a fourth amended complaint. Plaintiffs have received adequate notice of the deficiencies in their complaint, and they failed to cure them. Moreover, Plaintiffs readily admit that this litigation is vexatious. For example, Plaintiffs state that an "award in this case will simply become 'trading stock' to force what should have happened without the present suit – the installation of competent management, albeit possibly under a new 501(c)(3)." Dkt. 23 at 4–5. It is not in the interests of justice to allow Plaintiffs to repeatedly pursue "trade bait" while

wasting the resources of a non-profit, community food bank. Therefore, the Court denies Plaintiffs leave to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for immediate pretrial settlement conference (Dkt. 22) and motion to convert motion (Dkt. 33) are **DENIED** and the Food Bank's motion to dismiss (Dkt. 31) is **GRANTED**.

Dated this 22nd day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge